UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL STEVEN RATLEY,

        Petitioner,

vs.                                  Case No. 3:17-cv-923-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

## ORDER

### I. INTRODUCTION

Petitioner Michael Steven Ratley initiated this case by filing a Petition for Writ of Habeas Corpus (Doc. 1). He is proceeding pro se. Through an Amended Petition for Writ of Habeas Corpus (Petition) (Doc. 5) pursuant to 28 U.S.C. § 2254, he challenges his state court (Nassau County) conviction for first degree murder. He is serving a sentence of life in prison. Id. at 1. Respondents filed an Answer (Motion to Dismiss) (Response) (Doc. 21).[1] Thereafter, Petitioner filed a Reply Brief (Reply)

---

[1] The Court hereinafter refers to the Exhibits (Doc. 21) as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the document will be referenced.

(Doc. 23). Under Conclusion/Relief Sought, Petitioner contends his constitutional rights to a fair trial, due process of law, and the effective assistance of counsel were violated, and he asserts he is unconstitutionally incarcerated. Petition at 25.[2] He seeks reversal of the conviction, a new trial with effective counsel, and an unbiased judge to preside over the new proceeding. Id.

## II. EVIDENTIARY HEARING

It is Petitioner's burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). The Court finds no need for an evidentiary hearing as the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. The Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Therefore, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

---

[2] With respect to the Petition, Response, and Reply, the Court will refer to the page numbers assigned by the electronic filing system.

## III. CLAIMS OF PETITION

Petitioner raises five grounds in the Petition: (1) whether Petitioner's rights to due process of law and a fair trial were violated by the trial court's abuse of discretion when it denied Petitioner's motion in limine and later admitted evidence of Petitioner's theft of prescription drugs which occurred five weeks prior to the murder and was made a feature of Petitioner's trial by the prosecution; (2) whether Petitioner's constitutional rights to due process of law and a fair trial were violated by the trial court's abuse of discretion by admitting the state's DNA chart into evidence while excluding the defense's DNA chart; (3) whether Petitioner's constitutional rights to the effective assistance of counsel and his right to a fair trial were violated when, after having been apprised of statements which indicated that the trial judge had prejudged the facts and the culpability of Petitioner in this case, defense counsel failed to move for immediate disqualification and recusal of that judge – who had presided over the child custody hearing and was also presiding over Petitioner's criminal murder trial; (4) whether Petitioner's constitutional rights to the effective assistance of counsel and a fair trial were violated by trial counsel's failure to call Rena Kirkland as a witness at trial; and (5) whether Petitioner's constitutional rights to the effective assistance of counsel and a fair trial

were violated when trial counsel failed to move the trial court to replace the bailiff, David King, for Petitioner's trial and/or failed to move for a mistrial when the bailiff testified on behalf of the state. Petition at 5, 9, 11, 14, 17.

## IV. TIMELINESS

Respondents assert the Petition is untimely. Response at 1. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Response, contend Petitioner has failed to comply with the limitation period described above. To properly address this contention, the Court provides an abbreviated procedural history. After judgment and conviction, Petitioner appealed. Ex. O; Ex. P; Ex. Q. His retained counsel, William Mallory Kent raised three issues.[3] Ex. O at i. The First District Court of Appeal (1st DCA), on August 9, 2010, per curiam affirmed. Ex. R. The mandate issued on August 25, 2010. Id. On Tuesday, January 18, 2011, the United States Supreme Court denied a petition for a writ of certiorari, rendering the conviction final.[4] Ex. S. The limitation period began running the following day, Wednesday, January 19, 2011. Mr. Kent, on November 9, 2011, remitted the $5,000.00 to Petitioner's family

---

[3] Petitioner's family paid Mr. Kent $25,000.00, a flat rate appeal fee. Petitioner's Exhibit I (Doc. 23-2).

[4] Petitioner's family paid Mr. Kent $5,000.00, a flat rate fee for a certiorari petition and a Rule 3.850 motion. Petitioner's Exhibit J (Doc. 23-3).

5

and told them to seek other counsel.[5]  Ex. K.  On November 9, 2011, seventy days remained in the one-year limitation period.

Although no documentation is provided with respect to the exact date of the hiring of attorney James T. Miller, the record shows Petitioner's parents hired Mr. Miller on or before January 11, 2012, as he filed a Motion to Correct Illegal Sentence on January 11, 2012, tolling the limitation period (seven days remained in the limitation period when Mr. Miller filed the Rule 3.800(a) motion).  Ex. T a 1-3.  The trial court denied the motion January 13, 2012.  Id. at 4.  Petitioner, through counsel, appealed.  Id. at 5.  The 1st DCA affirmed per curiam on August 6, 2012.  Ex. U.  Petitioner moved for rehearing, and the 1st DCA denied rehearing on September 20, 2012.  Id.  The mandate issued Tuesday, October 9, 2012.  Id.  The one-year limitation period expired on Tuesday, October 16, 2012.

---

[5] Apparently after Petitioner wrote Mr. Kent a letter complaining about Mr. Kent's representation, Mr. Kent elected to return the money for filing a Rule 3.850 motion on Petitioner's behalf. Petitioner's Exhibit H (Doc. 23-1).  In the Petition, Petitioner states that when his parents pressed Mr. Kent about filing the motion for which he had been retained, Mr. Kent told Petitioner's parents he would refund the money and they could find another lawyer.  Petition at 23.

Mr. Miller filed a timely Rule 3.850 motion on January 16, 2013.[6] Ex. V at 1-25. See Ex. X at 2. Mr. Miller passed away.[7] The trial court appointed the Public Defender to represent Petitioner, and Chris A. Clayton, an Assistant Public Defender, represented Petitioner in the post-conviction proceeding. Ex. V at 30-33. The trial court denied the motion. Id. at 28, 34-35. Petitioner filed an appeal brief pro se. Ex. W. The 1st DCA, on October 16, 2014, affirmed grounds two to four, but reversed and remanded for an evidentiary hearing on ground one. Ex. X.

On November 4, 2014, Mr. Clyde M. Taylor, private counsel, filed a notice of appearance in the trial court. Ex. V at 37. He filed a Motion to Disqualify Judge, id. at 38-42, which the trial court granted. Id. at 43. After an evidentiary hearing, the trial court denied the remaining ground of the post-conviction motion. Id. at 44-54. Through his counsel, Petitioner appealed. Ex. Y; Ex. Z. The 1st DCA, on October 10, 2016, affirmed per curiam. Ex. AA at 1. Petitioner filed a pro se motion for rehearing. Id. at 2-8. The 1st DCA denied rehearing. Id. at 9. The mandate issued November 29, 2016. Id. at 11.

---

[6] Florida law provides, with limited exceptions, that a defendant must file his motion for post-conviction relief in a non-capital case within two years of the date on which the judgment and sentence became final. Rule 3.850(b), Fla. R. Crim. P.

[7] The date of Mr. Miller's death is not provided in the record.

7

Based on the history outlined above, the federal petition filed in 2017 is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. Petitioner asserts he is entitled to equitable tolling of the limitation period. Petition at 23-24. He alleges Mr. Kent's conduct was egregious because he abandoned Petitioner after being retained and trusted to timely file a Rule 3.850 motion. Id. at 24-25. Petitioner complains Mr. Kent wasted all but seven days of the one-year period. Id. at 25. Further, Petitioner contends he exercised due diligence by trying to determine the status of the appeal of the denial of the Rule 3.850 motion and through his attempts to obtain the documents necessary to timely file his federal petition upon the conclusion of the appeal of the denial of the Rule 3.850 motion. Id.

Legal precedent demonstrates the AEDPA one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 651-52 (2010). The two-pronged test for equitable tolling requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating equitable tolling "is a remedy that must be used sparingly"); see also Brown

v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Clearly, Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). It is a petitioner's burden of persuasion, and this Petitioner has not met the strong burden. See Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014), cert. denied, 135 S. Ct. 1171 (2015).

Initially, the Court notes Petitioner's family hired Mr. Kent to file a certiorari petition and a Rule 3.850 motion, as reflected in the September 10, 2010 invoice.[8] Petitioner's Exhibit J (Doc. 23-3). No mention is made of hiring Mr. Kent to file a federal petition for writ of habeas corpus. Also, the record does not establish there was any modification of the agreement or an

---

[8] The record for review is limited in this regard, but it is Petitioner's burden, and the Court will proceed with its determination based on the record before it.

9

additional agreement for representation in federal court. The record demonstrates Mr. Kent returned the $5,000.00 payment and advised Petitioner's family to proceed with a different attorney. The record shows seventy days remained in the one-year federal limitation period at the time Mr. Kent returned the money to Petitioner's family.

Furthermore, the record demonstrates there was more than enough time to file a Rule 3.850 motion within the two-year period for filing. See Rule 3.850 (b). Saavedra v. State, 59 So.3d 191, 192 (Fla. 3d DCA 2011) ("The two-year time limitation for filing motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 does not begin to run until appellate proceedings have conclude and the court issues a mandate or thirty days after the judgment and sentence become final if no direct appeal is filed."). The Supreme Court denied the petition for writ of certiorari on January 18, 2011. Thus, Mr. Miller's January 16, 2013 filing of the Rule 3.850 motion is within the two-year period. The record not only demonstrates the timely filing of the Rule 3.850 motion, but a merit-based ruling by the trial court.

Petitioner has not shown that he, or his family, hired Mr. Kent, Mr. Miller, or any other attorney to file a federal petition for writ of habeas corpus. The family hired Mr. Kent to file a Rule 3.850 motion, Mr. Kent returned the money to Petitioner's

family, and Petitioner's family hired Mr. Miller to file the Rule 3.850 motion. The record demonstrates Mr. Miller followed through with his obligation to file a timely Rule 3.850 motion.[9]

Petitioner has not shown that he pursued his rights with reasonable diligence. For instance, Petitioner has not shown that he diligently inquired of Mr. Kent or Mr. Miller the effect that a later filing would have on a federal habeas petition. Etterer v. Boyd, No. 3:14cv1139-WKW-SRW, 2017 WL 9512457, at *3 (M.D. Ala. Feb. 3, 2017), report and recommendation adopted by 2017 WL 1383462 (M.D. Ala. Apr. 12, 2017). The mere hiring of a post-conviction attorney is simply not enough. Id. (citation omitted).

Upon review, there is no evidence of conduct amounting to abandonment in this case. Mr. Kent entered into an agreement to file a Rule 3.850 motion, but he returned the funds which allowed Petitioner's family to obtain alternative counsel. Petitioner's

---

[9] Petitioner's Rule 3.850 motion, filed January 16, 2013, did not toll the federal one-year limitation period because it had already expired on October 16, 2012. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under ' 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period. A state court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Indeed, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).

family hired Mr. Miller.  Thereafter, Mr. Miller apparently agreed to file a Rule 3.850 motion, and he timely did so.  Finally, even if gross negligence qualifies as an extraordinary circumstance, Petitioner has not shown gross negligence on the part of his attorneys.  Rutland v. Williams, No. 5:16-CV-182, 2017 WL 2615745, at *1 n.1 (M.D. Ga. June 16, 2017).

Of import, Petitioner has not established that he pursued his federal rights diligently.  As such, Petitioner's equitable tolling argument fails on the first prong of Holland.  Petitioner has presented no evidence that he wrote Mr. Miller and told him of the importance of the filing of a federal habeas petition in a timely fashion.  Counsel's simple unawareness of the federal filing deadline does not constitute an extraordinary circumstance.  In this case, Petitioner's family hired counsel to file a Rule 3.850 motion, and counsel were focused on the two-year period to file a Rule 3.850 motion under Florida law.  See Fino v. United States, No. 15-CR-60304-BLOOM, 2018 WL 5885545, at *4 (S.D. Fla. July 24, 2018) (noting, "apparent unawareness of the [federal] filing deadline date suggested simple negligence"), report and recommendation adopted in part by 2018 WL 4214369 (S.D. Fla. Sept. 5, 2018) (adopted, except with respect to the starting date used by the magistrate judge in calculating the applicable one-year

statute of limitation, which did not alter the ultimate conclusion of the court).

Petitioner has failed to show Mr. Kent or Mr. Miller engaged in any serious attorney misconduct qualifying as an extraordinary circumstance; Petitioner has not shown bad faith, dishonesty, divided loyalty or mental impairment on the part of his counsel. Cadet, 853 F.3d at 1236. Indeed, Mr. Miller timely filed the Rule 3.850 motion and the trial court ruled on the merits of the motion. Finally, the record "does not suggest abandonment or any other form of serious misconduct rising to the level of an 'extraordinary circumstance.'" Robinson v. Jones, No. 1:17cv198-MW-CJK, 2018 WL 6920351, at *4 (N.D. Fla. Nov. 6, 2018), report and recommendation adopted by 2019 WL 77508 (N.D. Fla. Jan. 2, 2019), appeal filed by Robinson v. State Attorney for Fla., No. 19-10428 (11th Cir. Feb. 1, 2019).

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. The Court finds Petitioner has not shown he is entitled to extraordinary relief. Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show he exercised due diligence.[10]

---

[10] Petitioner's contention that he exercised due diligence by trying to determine the status of the appeal of the denial of the

Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted. After due consideration, the Court finds he has failed to demonstrate he is entitled to equitable tolling. Therefore, the Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Petitioner does not claim actual innocence in the Petition, nor has he demonstrated that he has new evidence establishing actual innocence.[11] "Assuming without deciding, that a

---

Rule 3.850 motion and through his attempts to obtain documents from Mr. Taylor to timely file his federal petition is unavailing. Petition at 24. Petitioner's efforts to obtain information and documents in 2016 and 2017 do not satisfy the requirement that he pursued his rights diligently. The one-year limitation period expired long before the filing of the Rule 3.850 motion in 2013.

11 In his Reply, Petitioner simply states that "[t]his case is entirely circumstantial with substantial evidence supporting Petitioner's actual innocence." Reply at 1. To invoke the fundamental miscarriage of justice exception, a petitioner must present new evidence that was not available at the time of trial, and it must be "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1985). Petitioner has not attempted to make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 569 U.S. 383, 392-93 (2013). Notably, the McQuiggin exception is applicable only if a petitioner presents evidence of innocence so strong it convinces the court that "no reasonable juror would vote to find him guilty." Creel v. Daniels, No. 5-16-cv-00803-LSC-JEO, 2018 WL 2187797, at *4 (N.D. Ala. April 12, 2018), report and recommendation adopted by 2018 WL 2184543 (N.D. Ala. May 11, 2018). As Petitioner has failed to come forward with any new reliable evidence of innocence, he has not met the

petitioner's actual innocence might support equitable tolling of the limitation period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence." Rodriguez v. United States, No. 03-CR-20759-COOKE, 2017 WL 8233889, at *7 (S.D. Fla. March 16, 2017), report and recommendation adopted by 2018 WL 1367443 (S.D. Fla. Mar. 16, 2018), appeal filed by No. 18-12090 (11th Cir. May 16, 2018).

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him. He has failed to demonstrate he is entitled to equitable tolling. He does not claim actual innocence in the Petition and he has not made a credible showing of actual innocence by failing to offer new evidence that is directly probative of his innocence. Therefore, this Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Amended Petition for Writ of Habeas Corpus (Doc. 5) and the case are **DISMISSED with prejudice**.

---

difficult standard set forth in Schlup and its progeny.

2. The **Clerk** shall enter judgment dismissing the Amended Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Amended Petition for Writ of Habeas Corpus (Doc. 5), **the Court denies a certificate of appealability.**[12] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of November, 2019.

_____
BRIAN J. DAVIS
United States District Judge

---

[12] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

sa 11/7
c:
Michael Steven Ratley
Counsel of Record